UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KEITH CURRIE, | 3:14-cv-00501-RCJ-VPC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | November 13, 2015 |
| ROBERT BANNISTER, *et al.*, | |
| Defendants. | |

PRESENT:  <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>   Katie Lynn Ogden   </u>   REPORTER: <u>           FTR            </u>

COUNSEL FOR PLAINTIFF: <u> Keith Currie, In Pro Per (Telephonically)           </u>

COUNSEL FOR DEFENDANTS:  <u> Andrea Barraclough (Telephonically)          </u>

**MINUTES OF PROCEEDINGS: Motions Hearing**

10:12 a.m.  Court convenes.

The court convenes to address Plaintiff's motion to stay Defendants' motion to dismiss (ECF No. 30) and Plaintiff's motion to strike Defendants' motion to dismiss (ECF No. 31).

The court summarizes the background of the case to provide context to the two motions being addressed today.  Additionally, the court explains several procedural processes that are relevant to this case.  The court notes there does not appear to be any inconsistencies procedurally with the parties' filings; therefore, the court turns to address the merits of Plaintiff's request for stay and request to strike.

The court first discusses what discovery Plaintiff contends is necessary to complete in this matter.  In summary, Plaintiff indicates the following discovery is necessary: (1) general information

1

Minutes of Proceedings
3:14-cv-00501-RCJ-VPC
November 13, 2015

regarding the staph infection (i.e. how long he had the staph infection, the treatment prescribed for the staph infection and who knew he had a staph infection); (2) conduct discovery not only as to the named Defendants in the instant action (Gedney and Van Horn) but also as to outside medical providers who are not named Defendants in this action; (3) information on the medical training of NNCC physicians; (4) information on whether hospitalization could have been prevented should had the Defendants chose a different course of treatment or whether the Defendants conduct caused Plaintiff injury; (5) information on whether the Defendant properly intervened to monitor Plaintiff's care so he did not become even more sick; (6) whether the medical treatment received by Plaintiff met the medically acceptable standard of care.

The court reviews the list of discovery requests and explains much of the information Plaintiff is seeking in category (1) will be information contained in his medical records.  As to category (2), Mr. Currie is advised that the Federal Rules of Civil Procedure does not provide all written discovery on parties who are not named in the complaint.  However, the court explains, at Plaintiff's own expense, he can subpoena third party individuals and/or medical records to gather information pursuant to Fed. R. Civ. P. 35.  Finally, the court suggests category (3) is not information relevant to his claim and that categories (4), (5) and (6) are all requests for which the Defendants will likely not, nor are they required to, provide such information to the Plaintiff.

Nevertheless, the court determines additional discovery is warranted in this matter.  The additional discovery must be completed within ninety (90) days.  The ninety (90) days for discovery

Minutes of Proceedings
3:14-cv-00501-RCJ-VPC
November 13, 2015

will be triggered by the date on which Plaintiff has his first opportunity to review his medical file.

DAG Barraclough is directed to compile the entirety of Plaintiff's medical records beginning two (2) years prior to the date of September 26, 2014. The documents are to be bates stamped. Once Plaintiff's medical records are available for his review, DAG Barraclough shall advise Mr. Currie he may kite for review of his medical records. Mr. Currie is instructed to kite directly to the medical department requesting to review his medical file and to also note that his review is for current, pending litigation purposes.

Mr. Currie is advised that he may not retain his medical records in his cell.

DAG Barraclough is further instructed to advise the court by way of submitting a discovery plan and scheduling order, which reflects the scheduling of discovery deadlines ninety (90) days from the first date Mr. Currie reviews his medical record.

The additional discovery propounded by the Plaintiff is limited to twenty-five (25) interrogatories and thirty (30) requests for admissions as to each Defendant (Gedney and Van Horn) pursuant to Fed. R. Civ. P. 36. The court notes discovery requests for production of documents are not necessary in view of Plaintiff's medical file being provided for his review.

Prior to any request for the court's intervention, the parties must hold a meet and confer conference to resolve dispute(s) that may arise during the limited discovery phase. If the parties are unable to resolve the dispute(s) between themselves, the Plaintiff or Defendants shall file a motion requesting an expedited hearing. The court cautions the parties to not wait until the discovery

3

Minutes of Proceedings
3:14-cv-00501-RCJ-VPC
November 13, 2015

deadline expires to advise the court of any discovery disputes.

  IT IS THEREFORE ORDERED, Plaintiff's motion to stay Defendants' motion to dismiss (ECF No. 30) is **GRANTED** consistent with the court's instructions provided herein.

  IT IS FURTHER ORDERED, Plaintiff's motion to strike Defendants' motion to dismiss (ECF No. 31) is **DENIED**.

  There being no additional matters to address at this time, court adjourns at 10:51 a.m.

**IT IS SO ORDERED.**

              LANCE S. WILSON, CLERK

              By: _____/s/_____
                 Katie Lynn Ogden, Deputy Clerk