**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEITH CURRIE,

    Plaintiff,

vs.

ROBERT BANNISTER et al.,

    Defendants.

3:14-cv-00501-RCJ-VPC

**ORDER**

Plaintiff Keith Currie is an inmate in the custody of the Nevada Department of Corrections. He sued Defendants in this Court under 42 U.S.C. § 1983 for violations of the Eighth Amendment. Upon screening under 28 U.S.C. § 1915A, the Court permitted the claims to proceed against two of three Defendants, but dismissed the third Defendant for failure to allege his personal participation. (*See* Order 7, ECF No. 6). Defendants filed the present motion to dismiss or for summary judgment, and the Magistrate Judge has recommended denying the motion. The Court respectfully disagrees and will grant summary judgment to the remaining Defendants. The Court will not recount the allegations or evidence as recited by the Magistrate Judge, except as relevant to the Court's disagreements.

The Court begins by finding that the complaint over the prescription of oral antibiotics versus intravenous antibiotics is a claim of medical negligence not cognizable under the Eighth

Amendment. *See Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002).  And although a meaningful delay in providing any antibiotics at all to treat a known infection could support a claim of deliberate indifference if the delay is intentional or reckless, the Court finds there is no evidence adduced supporting such a conclusion here.

    Although the Court respectfully disagrees that there is a genuine issue of material fact as to delay in treatment via antibiotics, the fault for the confusion lies with Defendants, not with the Magistrate Judge.  Defendants state in their motion that there was no sign of infection on September 12, 2012, but that a culture returned positive for staphylococcus ("staph") on October 9, 2012, and the antibiotic Cipro was then started immediately.  The evidence cited doesn't support that sequence of events, however, *see infra*, which is why the Magistrate Judge suggests there are genuine issues of material fact concerning when Defendants knew of the infection and when they provided antibiotics.  The evidence does not, however, present any genuine issue of material fact the resolution of which is necessary to determine the claim.  Defendants state that there was no sign of infection on September 12, 2012, but the medical notes cited by Defendants themselves in fact indicate that a culture retuned positive for staph and pseudomonas on that date and that Cipro had been started "yest," likely meaning "yesterday," i.e., September 11, 2012.  Defendants state that a culture returned positive for staph on October 9, 2012.  The medical notes show that to be true, but the notes are also clear that an earlier culture had returned positive for staph on September 12, 2012 and that Cipro had in fact been prescribed.  The October 10, 2012 notes also show that Plaintiff "started Abx yest," probably because the second culture (which Defendants have apparently wrongly identified as the only culture) indicated staph was still present, meaning that the Cirpo had been ineffective.  Defendants have satisfied their initial

burden on summary judgment to show that they would be entitled to a directed verdict on the deliberate indifference issue based on this evidence.

Plaintiff does not adduce any evidence to create a genuine issue of material fact as to deliberate indifference, i.e., delay of treatment. The only evidence he adduces material to the issue is the Complaint itself (which is verified). Therein, he alleges that he was prescribed an antibiotic on September 12, 2012. He also alleges Defendants knew about the staph-positive lab results on September 9, 2012. The medical records indicate explicit knowledge of a staph infection only as of September 12, 2012 and at most imply knowledge as of September 11, 2012 (if one also accepts that antibiotics were started the same day, negating any deliberate indifference claim). The only evidence indicating Defendants' knowledge of the staph infection on September 9, 2012 is Plaintiff's own conclusory testimony. Plaintiff may be assuming based on a lab report that his treating physician saw the report on the same day it was issued (September 9, 2012), but no evidence in the record supports that conclusion, and Plaintiff does not appear to repeat it in his table of facts in his opposition to the present motion. No lab report is adduced, much less evidence of any Defendant's same-day knowledge of its contents.

In summary, Plaintiff has failed to adduce any evidence creating a genuine issue of material fact as to whether his antibiotic treatment was maliciously or indifferently delayed, and the medical choice to treat him orally rather than intravenously does not support an Eighth Amendment claim. Nor does the Court find that delay in providing Plaintiff with a wheelchair cushion or air mattress is sufficient to make out a deliberate indifference claim. Plaintiff's argument that Defendants' failure to follow "the accepted regimen" in this regard (according to guidelines promulgated by the Department of Health and Human Services) constituted deliberate indifference only goes to show that the claim in fact sounds in medical negligence. The evidence

is undisputed that "wet to dry" dressings were ordered, later followed by "duoderm" dressings, when Plaintiff presented with the problem in August 2012. Treatment by this method was an issue of medical discretion.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 58) is REJECTED, and the Motion for Summary Judgment (ECF No. 52) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 21st day of February, 2017.

_____
ROBERT C. JONES
United States District Judge